IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MEMPHIS EQUIPMENT** : CIVIL NO. 1:CV-06-0497
**COMPANY, INC., and the** :
**MEMPHIS EQUIPMENT** :
**COMPANY, INC. EMPLOYEE** :
**STOCK OWNERSHIP PLAN, INC.,** :
:
        **Plaintiff** :
:
        v. :
:
**THERESA ROBINSON,** :
:
        **Defendant** :

# M E M O R A N D U M

      Before the court is Defendant's motion to dismiss (Doc. 17) Plaintiff's complaint for failure to join a necessary and indispensable person. Additionally, before the court is Plaintiff's motion (Doc. 19) pursuant to the court's March 22, 2006 Order. The parties have briefed the issues and the matters are ripe for disposition. For the reasons that follow, the court will deny Defendant's motion and grant Plaintiff's motion.

**I.**      **History**

      Plaintiff Memphis Equipment Company[1] (hereinafter "MEC") is a corporation organized and existing under the laws of Tennessee. (Compl. ¶ 2.) MEC buys, rebuilds, and sells military trucks and parts. (*Id.* ¶ 6.) Defendant Theresa Robinson is a resident of Pennsylvania and a former employee of MEC.

---

[1] Also named as a Plaintiff in the instant action is the Memphis Equipment Company, Inc. Employee Stock Ownership Plan (hereinafter the "ESOP").

(*Id*. ¶¶ 3, 22.)  Lawrence Scott was formerly the president and a board member of MEC.  (*Id*. ¶ 7.)  Francis Miller is Scott's mother and a resident of Tennessee.  (Doc. 21 at 1.)² MEC's instant complaint alleges that Robinson acted in concert with Scott to wrongfully steal and convert MEC monies, to accept the benefits of stolen monies, and to conceal the funds stolen from MEC.  (Compl. ¶ 27.)  Specifically, MEC alleges that Robinson and Scott utilized MEC Funds to purchase a property located at 11305 Weatherstone Drive, Waynesboro, Franklin County, Pennsylvania, 17268 (hereinafter "the Property").  (*Id*. ¶ 25.)

In 2003, MEC brought suit against Scott in the United States District Court for the Western District of Tennessee, in an action captioned *Max May v. National Bank of Commerce and Lawrence Scott*, No. 03-2112 (W.D. Tenn. 2004) (hereinafter the "MEC-Scott Action").³ MEC, in the MEC-Scott Action, alleged that Scott had acted without the approval of the MEC Board of Directors, breached his fiduciary duties as a director and officer of MEC, and wrongfully converted company funds. (Doc. 1, Ex. A.)  The District Court of Western Tennessee found that Scott was liable for wrongful conversion of MEC funds and entered judgment in favor of MEC for $172,203.66.  The District Court of Western Tennessee also found that MEC was entitled to restitution in the amount of $455,720.78 and $653,951.53 in attorney's fees and costs. (Doc. 30, Ex. B at 37-37; *Id*., Ex. C.)

---

²While Miller is not mentioned by name in MEC's complaint, Robinson's motion to dismiss asserts that Miller is a necessary and indispensable party.  Thus, the court will look to additional facts asserted in Robinson's motion to dismiss in order to determine if Miller is a necessary and indispensable party.

³As in the instant litigation, the ESOP was also a party to the MEC-Scott Action.

MEC's instant complaint alleges that Scott purchased the Property with stolen MEC funds and subsequently put the deed to the Property in Robinson's name. (*Id.* ¶ 25.) Robinson's motion to dismiss asserts that Robinson and Scott entered into an unwritten agreement that provided that Robinson would act as nurse and caretaker for Miller, and that in return for Robinson's services Scott would purchase the Property collaboratively with Robinson. (Doc. 21 at 2.) Robinson alleges that she signed a mortgage to F&M Bank for $250,000 in connection with the Property. (*Id.*) Robinson further alleges that Miller contributed certain sums of money to the construction of the home and the payment of the F&M mortgage between 2001 and 2003. (*Id.* at 3.) According to Robinson, Miller requested that Robinson sign a note and a mortgage for $225,000, which Robinson did in September 2004 (hereinafter the "Miller Mortgage"). (*Id.*; Doc. 20, Ex. F.)

MEC does not dispute the existence of the Miller Mortgage; however, MEC states that it did not find out about the existence of the Miller Mortgage until after the instant complaint was filed. (Doc. 20 at 2.) On April 6, 2006, MEC filed a complaint in the Pennsylvania Court of Common Pleas captioned *Memphis Equipment Company, Inc. and The Memphis Equipment Company, Inc. Employee Stock Ownership Plan, Inc. v. Frances M. Miller, Theresa Robinson and Lawrence Scott*, No. 2006-1105 (hereinafter the "Miller State Court Action"). (Doc. 20, Ex. D.) MEC, by way of the Miller State Court Action, seeks to void the Miller Mortgage, an injunction against the dissipation of the Miller Mortgage through the payment of funds to Miller, and a declaration that the Miller Mortgage is a constructive trust for the benefit of MEC. (*Id.*)

On March 8, 2006, MEC filed a motion requesting that this court issue a temporary restraining order. (Doc. 3.) On March 9, 2006, the court issued a temporary restraining order that enjoined Robinson from selling, transferring, encumbering, or disposing of the Property. (Doc. 5.) On March 21, 2006, the parties submitted a joint stipulation (Doc. 11), which the court adopted in its March 22, 2006 order (Doc. 13). The March 22, 2006 order provided that Robinson would be allowed to sell the property subject to Plaintiff's approval and the fulfillment of certain conditions with respect to the Miller Mortgage. (*Id*.) Also on March 22, 2006, the court issued a scheduling order (Doc. 14.) that deferred the case mangment conference and provided that MEC and Robinson may submit a motion and supporting brief as to their proposal to address the Miller Mortgage.

Robinson filed the instant motion to dismiss on April 11, 2006, alleging that MEC failed to join Miller, that Miller is a necessary and indispensable party, and that joinder of Miller would destroy the court's diversity jurisdiction. (Doc. 17.) MEC filed a motion pursuant to the court's March 22, 2006 scheduling order on April 14, 2006 (Doc. 19), indicating that MEC had initiated the Miller State Court Action and requested that this court issue an order that the Miller State Court Action was the appropriate way to address the Miller Mortgage. On May 2, 2006, Robinson filed a response to MEC's April 14, 2006 motion. (Doc. 24.) MEC filed a response to Robinson's motion to dismiss on May 2, 2006. (Doc. 26.)

## II.       Legal Standard

The standard for compulsory joinder is set forth in Federal Rule of Civil Procedure 19, which provides in relevant part that

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ P. 19(a). If the court finds that the absentee meets either the criteria for 19(a)(1) or 19(a)(2), but that it is not feasible to join the party then the court must look to 19(b) to determine whether the absentee is indispensable to the litigation. 19(b) provides in relevant part that

> the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The party moving for joinder bears the burden of showing that the absentee is necessary, and in the case where the absentee cannot be joined, that the absentee is indispensable. *Fed. Deposit Ins. Corp. v. Beall*, 677 F.Supp. 279, 283 (M.D. Pa. 1987) citing 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1609.

5

**III.     Discussion**

Robinson asserts that under Federal Rule of Civil Procedure 19, Miller is a necessary and indispensable party that must be joined in the instant action. Because Miller is from Tennessee her joinder would destroy the court's diversity jurisdiction. Thus, according to Robinson, MEC's complaint must be dismissed. MEC counters that Miller is not a necessary or indispensable party. For the reasons that follow, the court does not find that Miller is a necessary party and will deny Robinson's motion.[4]

As provided by Rule 19, the initial step when deciding the issue of compulsory joinder is to determine whether the absentee should be joined as a necessary party. Fed. R. Civ. P. 19(a).

**A.     Rule 19(a)(1)**

Under 19(a)(1), the court looks to whether "in the person's absence complete relief cannot be accorded to those already parties." Fed. R. Civ. P. 19(a)(1). "A Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action. The effect the decision may have on the absent party is not material." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993).

Robinson's argument with respect to Rule 19(a)(1) hinges on her assertion that "the [P]roperty cannot be sold prior to trial of this case unless the Miller second mortgage is paid, satisfied, and released." (Doc. 21 at 6.) MEC counters that pretrial sale of the Property is not a remedy sought; rather MEC asserts

---

[4]Because, as discussed below, the court concludes that Miller is not a necessary party to this action, the court need not determine whether joinder is feasible, and, if not, whether Miller's presence would be indispensable.

that it only seeks to preserve the proceeds of any sale of the Property by Robinson. According to MEC, the absence of Miller from the instant litigation does not preclude the court from granting the requested relief. Upon reviewing MEC's complaint, the court agrees with MEC. The relief requested by MEC only requires the court to address the rights of MEC with respect to Robinson. The sale of the Property is not required for the court grant the requested relief. The court finds that Miller is not a necessary party under Rule 19(a)(1). Robinson's motion with respect to Rule 19(a)(1) will be denied.

### B.     Rule 19(a)(2)

As stated, under Rule 19(a)(2), the court must determine whether the absentee claims an interest relating to the subject of the action. Rule 19(a)(2) instructs the court to look to any prejudice to the absentee if the absentee is not joined, Fed. R. Civ. P. 19(a)(2)(i), and to the possibility that any of the parties to the litigation may face inconsistent obligations, Fed. R. Civ. P. 19(a)(2)(ii).[5]

Robinson argues that Miller's interest as a second mortgagee in the Property would be prejudiced if she is not joined as a party. Specifically, Defendant argues that if Miller is not joined and title to Robinson is voided, then Miller's interest in the Property will be divested as well.[6] MEC counters that Miller's status as a "innocent mortgagee for value" will be unaffected by this action; thus, Miller, as a result of the instant litigation, will not be divested of her interest in the property. In support, MEC cites to *Kepler v. Kepler*, 199 A. 198, 202 (Pa. 1938), for the

---

[5] The court notes that Robinson does not assert an argument under Rule 19(a)(2)(ii).

[6] Robinson also asserts that Miller paid certain sums toward the F&M mortgage. However, Robinson offers no evidence that such sums were paid or that Miller has any legally protected right in any sums that might have been paid toward the F&M mortgage.

position that "an innocent mortgagee for value is not bound by secret liens or equities even though the mortgagor's title was obtained by fraud."

The issue before this court concerns Robinson's, the mortgagor, title. The status of the Miller Mortgage is not at issue in the instant litigation, therefore Miller's status as "an innocent mortgagee for value" cannot be disturbed by this court. Additionally, the court notes that the Miller Mortgage is protected by 42 Pa.C.S. § 8141, which provides that second mortgages take second priority to purchase money mortgages, but have priority over verdicts for specific amounts and adverse judgments.[7]

---

[7]42 Pa.C.S. § 8141 specifically provides:

> [l]iens against real property shall have priority over each other on the following basis:
> (1) Purchase money mortgages, from the time they are delivered to the mortgagee, if they are recorded within ten days after their date; otherwise, from the time they are left for record. A mortgage is a "purchase money mortgage" to the extent that it is:
> (i) taken by the seller of the mortgaged property to secure the payment of all or part of the purchase price; or
> (ii) taken by a mortgagee other than the seller to secure the repayment of money actually advanced by such person to or on behalf of the mortgagor at the time the mortgagor acquires title to the property and used by the mortgagor at that time to pay all or part of the purchase price, except that a mortgage other than to the seller of the property shall not be a purchase money mortgage within the meaning of this section unless expressly stated so to be.
> (2) Other mortgages and defeasible deeds in the nature of mortgages, from the time they are left for record.
> (3) Verdicts for a specific sum of money, from the time they are recorded by the court.
> (4) Adverse judgments and other orders, from the time they are rendered.

42 Pa.C.S. § 8141.

Robinson cites to numerous cases in support of her contention that "where the disposition of real property is involved in a legal action courts have typically found that parties having an interest in the subject property, as defined by state law, are necessary parties." (Doc. 21 at 8.) However, the cases cited by Robinson are not factually analogous to the instant situation. The court will not address the specific cases cited by Robinson; suffice it to say that the cases do not address a situation where the absentee is a mortgagee whose interest in a property will not be affected by the litigation.

"[S]atisfying the second prong of Rule 19(a) 'is contingent [ ] upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.' " *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). As stated, Miller's interest in the property will not be affected by the instant litigation; thus, Miller does not have a legally protected right in the instant litigation.

Robinson posits an alternative argument in her opposition to MEC's motion pursuant to the court's March 22, 2006 scheduling order (Doc. 25) that Miller's interest in the Property will be indefinitely tied up if she is not joined in the instant litigation. Robinson's argument hinges upon her assertion that the sale of the Property must be completed before Miller's interest in the Property can be finalized. As stated, the sale of the property is not the relief requested by MEC in the instant litigation; thus, Miller is not a necessary party under Rule 19(a)(1). With respect to any prejudice to Miller, the court notes that the March 22, 2006 order specifically provides that the Property may be sold upon the satisfaction of certain stipulated

conditions. (Doc. 13.) Specifically the March 22, 2006 order provides that the property may be sold after a court of competent jurisdiction determines the balance of any debt owed with respect to the Miller Mortgage. (*Id*.) The court is satisfied that the Miller State Court Action is proceeding in a court of competent jurisdiction with respect to the Miller Mortgage, and that the sale of the Property can be effected without joining Miller to the instant action. The Pennsylvania state court is competent to dispose of the Miller State Court Action in an effective and timely manner. Thus, the court does not find that the sale of the Property will be indefinitely tied up without the joinder of Miller. Accordingly, the court does not find that Miller will suffer any prejudice if she is not joined in the instant litigation, and will deny Robinson's motion with respect to Rule 19(a)(2)(i).

### C. **MEC's Motion Pursuant to the Court's March 22, 2006 Scheduling Order**

Finally, the court will grant MEC's motion (Doc. 19) relating to its proposal to address the Miller Mortgage and Miller in the Miller State Court Action. The court notes that Robinson's objections to MEC's motion do not dispute the appropriateness of addressing the Miller Mortgage or Miller's interests in state court; rather, Robinson contends that all of MEC's claims against both Miller and the instant federal claims against Robinson should be addressed in state court. Since the court has not found that Miller is a necessary party to the instant litigation, the court will retain jurisdiction over MEC's instant complaint. Accordingly, the court finds that the Miller State Court Action can proceed in state court undisturbed by this court. The court does note that all of MEC's claim could proceed in state court; however, the court will respect MEC's choice of forum. Accordingly, the court will grant MEC's motion.

**IV.            Conclusion**

In accordance with the foregoing discussion, the court finds that Miller is not a necessary party to the instant litigation. Specifically, the court is not convinced by Robinson's argument that the relief requested by MEC in the instant litigation cannot be fully accorded without the joinder of Miller. Nor is the court convinced that Miller's interests will be prejudiced unless she is joined. Finally, the court notes that Robinson has not argued that she or MEC will face inconsistent obligations unless Miller is joined. Because the court does not find that Miller is a necessary party, the court need not determine whether Miller is an indispensable party under Rule 19(b). Therefore, the court will deny Robinson's motion to join Miller. Finally, the court will grant MEC's motion pursuant to the court's March 22, 2006 order. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 14, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEMPHIS EQUIPMENT COMPANY, INC., and the MEMPHIS EQUIPMENT COMPANY, INC. EMPLOYEE STOCK OWNERSHIP PLAN, INC.,** : : : : : : : **Plaintiff** : : **v.** : : **THERESA ROBINSON,** : : **Defendant** : | **CIVIL NO. 1:CV-06-0497** |

## **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendant's motion to dismiss (Doc. 17) is **DENIED**.

2) Plaintiff's motion (Doc. 19) is **GRANTED**.  The court finds that Plaintiff has complied with the court's March 22, 2006 scheduling order and that the Miller State Court Action is the appropriate way to address the Miller Mortgage.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated:  June 14, 2006.